IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVARIUS LAVALLE RIGGINS,

                Plaintiff,

  v.

SHERIFF DAVID MAHONEY, K. BRUNING,
B. RUDEBECK, N. TEUSCHER, B. GOLDEN,
A. REITHMEYO, M. PELLEY-YAHN, B. NORTON,
S. SCHAEFER, DANE COUNTY, and JANE DOE
NURSE,

                Defendants.

OPINION and ORDER

20-cv-971-jdp

---

      Pro se plaintiff Davarius Lavalle Riggins alleges that he was attacked and tased by sheriff's deputies while he was detained at the Dane County jail, and that a jail nurse did not treat the resulting injuries. I granted Riggins leave to proceed on several constitutional claims: Fourteenth Amendment unreasonable force claims against defendants Bruning, Rudebeck, Teuscher, Golden, Reithmeyo, Pelly-Yahn, Norton, and Schaefer, all of whom are deputies at the jail; Fourteenth Amendment claims against defendants Sheriff David Mahoney and Dane County for sanctioning the use of a taser; and a Fourteenth Amendment claim against the Jane Doe nurse for not providing Riggins medical attention. Dkt. 9.

      Two issues are before the court. First, defendants have moved for summary judgment on the ground that Riggins failed to exhaust his administrative remedies before bringing this lawsuit. Dkt. 30. Second, Riggins has failed to prosecute this case by ignoring two important deadlines and by failing to inform the court of his current address.

      As for defendants' exhaustion motion, the Prison Litigation Reform Act requires prisoners to exhaust administrative remedies established by state law before filing a lawsuit

regarding prison conditions based on federal law. 42 U.S.C. § 1997e(a); *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). To comply with § 1997e(a), a prisoner must follow every step of the administrative process, which includes filing grievances pursuant to the prison's administrative rules and pursuing all available appeals. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Riggins did not respond to defendants' summary judgment motion, so I will accept defendants' evidence as undisputed, *House v. Derouin,* No. 19-cv-1061-jdp, 2020 U.S. Dist. LEXIS 202730, 2020 WL 6384197, at *1 (W.D. Wis. Oct. 30, 2020), but defendants still have the burden to show that summary judgment is appropriate, *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

The Dane County jail's grievance policy allows inmates to appeal their grievances within five days of receiving a response to the initial grievance. *See* Dkt. 31-1, at 4. Riggins filed a grievance related to the alleged assault about a month after the incident. Dkt. 31-2, at 1. Riggins received a response to his initial grievance on January 6, 2020, which set out the jail's version of events and explained why the deputies used a stun shield. Riggins submitted an appeal the next day. *Id.* But the appeal is not about the incident Riggins initially grieved. Instead, Riggins complains about jail booking procedures and the fact of his confinement. Riggins alleges that he was not read his rights before he was booked; that jail staff are committing treason; and that he is being held against his liberty. *Id*. at 1–2. In a stray line, Riggins says that "your deputies caused battery and illegal arrest and excessive force." *Id*. at 1. But in context, that complaint appears to be about his arrest, not the incident with the stun shield. The jail denied the appeal because information in his appeal was "not related" to the incident he was appealing. *Id.*

The jail grievance procedures do not squarely say that an appeal needs to be accompanied by an explanation of why the initial determination was wrong. *See* Dkt. 31-1, at 4–5. Nevertheless, I conclude that Riggins did not properly exhaust his administrative remedies. Riggins submitted an appeal, but he never submitted an appeal that addressed the claims in this lawsuit. It makes sense that a meaningful appeal—one that gives prison officials a fair opportunity to consider the appealed grievance—must concern the incident that was initially grieved. *Woodford v. Ngo,* 548 U.S. 81, 95 (2006). And the denial of Riggins' appeal was not on the merits, so the appeal did not "serve[] its function of inviting prison administrators to take corrective action." *Conyers v. Abitz,* 416 F.3d 580, 584 (7th Cir. 2005).

I turn now to the second issue. Even if Riggins hadn't failed to exhaust his claims, his failure to prosecute this case is a separate ground for dismissal. A court has the inherent authority to dismiss a lawsuit without a motion if the plaintiff fails to prosecute his case. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–33 (1962). Riggins did not respond to defendants' exhaustion motion by his deadline to do so, nor did he file an amended complaint naming the Doe defendant by his September 17, 2021 deadline, *see* Dkt. 21. And mail sent to the address he provided at the Dane County jail has been returned as undeliverable, Dkt. 30, as has mail sent to his previous address, Dkt. 32. I also note that the court contacted Riggins by email asking for an updated address, and he still has not provided one. I warned Riggins in screening his complaint that if he changed addresses while this case was pending but failed to inform the court of his new address, his claims may be dismissed for his failure to prosecute them. Dkt. 15, at 5–6.

Defendants' uncontested submissions show that Riggins failed to exhaust his claims, so I will grant defendants' motion for summary judgment. Normally, the consequence for failure

to exhaust is dismissal without prejudice. A court may dismiss a plaintiff's claims with prejudice for his failure to prosecute them if "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *GCIU Emp'r Retirement Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (quoting *Pyramid Energy, Ltd. V. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989) (emphasis removed)). Riggins's conduct doesn't rise to this level, so I will dismiss his claims without prejudice. But it's likely that Riggins will be unable to exhaust his claims because any future grievance or appeal would be untimely under the Dane County jail's grievance rules.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 29, is GRANTED.

2. This case is DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment for defendants and close the case.

Entered February 10, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge